IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACY L. HENDERSON,

          Plaintiff,

v.

NISSAN AND KIA OF UNION
CITY and KRISTI QUEEN,

          Defendants.

1:15-cv-861-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Tracy L. Henderson's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

On March 26, 2015, the Clerk received and docketed a document labeled "Affidavit of Truth" to "Reject Plea/Judgment Revoke/Expunge from Record" [1-1] as Plaintiff's Complaint, along with Plaintiff's Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On March 30, 2015, Magistrate Judge Janet F. King granted [2] Plaintiff's Application and forwarded Plaintiff's

"Complaint" [3] to the Court for the required frivolity review.[1]

Plaintiff, in her Complaint, appears to be explaining the circumstances surrounding her providing "Nissan of Union City" a post-dated check to cover a down payment of a vehicle Plaintiff was purchasing, and Plaintiff's subsequent arrest for deposit account fraud, her plea of *nolo contendere*, and subsequent issues regarding the violation of the terms of her probation.  Plaintiff asserts that her "legal arguments [are that] all crimes are commercial, all law is contract; congress does not grant administrative courts judicial authority."  (Complaint at 2).  Plaintiff asserts that her post-dated check is not considered criminal and that her constitutional rights were violated.  (Id.).  Plaintiff does not provide any support for these assertions.  Plaintiff asserts further that she was denied due process, that Nissan used malicious prosecution and committed a fraud against the courts, and that Plaintiff was falsely imprisoned.  (Id.).  Plaintiff does not identify what

---

[1] The Magistrate Judge, in her March 30, 2015, Order, submitted this action to the Court for a frivolity review pursuant to 28 U.S.C. § 1915A.  Section 1915A requires the court to review a complaint in a civil action in which a prisoner seeks redress from a government entity, officer, or employee, and to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  28 U.S.C. § 1915A.  28 U.S.C. § 1915(e) applies to civil actions filed *in forma pauperis*, and requires the court to dismiss the complaint if it is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff does not identify a government entity, officer, or employee as a defendant and, thus 28 U.S.C. § 1915A does not apply.  The Court, because Plaintiff is proceeding *in forma pauperis*, instead applies 28 U.S.C. § 1915(e)(2)(B).

specific relief, whether monetary or equitable, she is seeking.

## II.     DISCUSSION

### A.     Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  <u>Analysis</u>

Liberally construing Plaintiff's *pro se* Complaint, the Court finds that Plaintiff appears to be asserting claims against Nissan & Kia of Union City and Ms. Kristi Queen, a representative for Nissan ("Nissan").  The claims appear to be related to Plaintiff's prosecution and imprisonment arising from her arrest and plea of *nolo contendere* on the charges of deposit account fraud.  Plaintiff appears also to assert that the crime of which she was convicted--deposit account fraud--is a commercial and not a criminal matter and thus the state court should have applied contract law because, in Plaintiff's view, the alleged fraud was not a criminal matter.

Plaintiff, thus, appears to assert a claim that her conviction was unlawful because criminal law does not apply to her actions, or that Nissan committed a fraud against the court and, thus, her conviction is invalid.  Plaintiff's claims, if successful, are a challenge to the validity of her conviction, and the claims are barred.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) ("the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

5

already been invalidated."). Plaintiff's Complaint, thus, fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Tracy L. Henderson's Complaint [3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 9th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes also that, to the extent that Plaintiff meant for the Court to consider her "Affidavit of Truth" as a complaint, Plaintiff failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure states that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff's Complaint does not contain a demand for relief sought. Rule 10 of the Federal Rules of Civil Procedure require that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's Complaint contains only seven substantive paragraphs, all of which contain several distinct factual and legal allegations, in violation of Rule 10(b).